UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIGUEL A. SALAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. IP 05-111-H/F-CR-01 |
| | ) | 1:07-cv-417-DFH-WTL |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Miguel Salas pled guilty to a charge of conspiring to distribute more than 500 grams of cocaine. He pled guilty under a plea agreement and was sentenced to 70 months in prison in accord with the plea agreement. Salas now seeks to set aside that conviction and sentence pursuant to 28 U.S.C. § 2255. Salas' § 2255 motion must be summarily denied for the following reasons.

1.      Salas' plea agreement contains a provision whereby he waived his right to appeal either his conviction or his sentence if he was sentenced at the bottom of the applicable sentencing guideline range, which he was. The agreement also provided that he waived his right to contest "his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255." At his change of plea hearing, the court reviewed this provision and Salas acknowledged its presence, meaning, and effect.

2.      Salas' statement of defendant attached to his plea agreement explained that (1) he understood the terms of the plea agreement, (2) those terms were an accurate reflection of the results of the plea negotiations, (3) he was fully satisfied with his attorney's representation, (4) he "freely and voluntarily" pled guilty, and (5) he had the right to appeal unless he waived that right as part of the plea agreement.

3.      Salas' plea was knowingly and voluntarily entered in conformity with both constitutional guidelines and the requirements of Rule 11 of the *Federal Rules of Criminal Procedure.* A review of the transcript of the guilty plea hearing shows that there had been some problems at first, and Salas appeared not to understand or remember some of the terms of the plea agreement. See Tr. 11-14. After discussing the situation with counsel in open court, the court recessed for two hours so that Salas and his attorney could review the terms of the plea agreement in detail, and with the help of an interpreter. Tr. 16. After that recess, the answers Salas gave the court showed that he understood the terms of the plea agreement and that his guilty plea was otherwise knowing and voluntary. Tr. 16-31.

4. Salas' challenge in this collateral case is governed by the principles that controlled the recent bid of Edward Blinn, Jr., to disregard a similar waiver provision in pursuing a direct appeal.

> We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement.

*United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007), citing *United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001). The record indisputably shows that Salas knowingly and voluntarily entered into the waiver provision in this case. See Tr. 20-21. As shown below that provision is equally enforceable to bringing an action pursuant to § 2255 as to filing an appeal.

5. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* cautioned:

> Mindful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. More recently, the Seventh Circuit has explained:

> If the plea (and thus the waiver) is valid, an argument that counsel furnished ineffective assistance is among the foreclosed theories. *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), holds that a claim of ineffective assistance may be open under § 2255, but that "the right to mount a collateral attack . . . survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *See also United States v. Joiner,* 183 F.3d 635, 644-45 (7th Cir. 1999). Nunez's challenge to his lawyer's handling of the appeal has nothing to do with the negotiation of the waiver.

*United States v. Nunez,* 495 F.3d 544, 548 (7th Cir. 2007).

6. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Salas entered such a plea in this case.

7.      Because Salas entered a plea of guilty, he "'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received'" was constitutionally ineffective. *United States v. Villegas* 388 F.3d 317, 322 (7th Cir. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003), citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. With respect to the prejudice requirement, Salas must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693.

8.      In this case, Salas contends, in part, that his counsel coerced him to plead guilty, failed to conduct a preliminary investigation and failed to move to dismiss the charges. Salas also argues that his sentence was a surprise to him and was unwarranted and that his attorney failed to file a notice of appeal despite being instructed to do so. However, Salas does not allege that his counsel was ineffective with regard to the negotiation of the waiver in the *Plea Agreement*. In fact, during his change of plea hearing, Salas stated that he was satisfied with the representation and advice given to him by his attorney.

> a.      The waiver provision in this particular plea agreement does not preclude a collateral challenge by Salas to his conviction, but the valid guilty plea he entered is not undermined by Salas' assertions of ineffective assistance of counsel. He has not demonstrated how any of the asserted instances of deficient performance resulted in prejudice to him within the meaning required by *Strickland* to support a claim of ineffective assistance of counsel. The *Strickland* standard has thus not been satisfied, because "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). The Seventh Circuit continued:
>
>> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."
>
> *Farr,* 297 F.3d at 658. The same is inescapably true as to Salas' claim that he was denied the effective assistance of counsel in this case.
>
> b.      The waiver provision does bar Salas' challenge to the sentence he received. Apart from that waiver, moreover, Salas' plea is not made involuntary by his

subjective expectation that he was likely to receive a lesser sentence. In other words, if Salas' expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor, or defense counsel, the guilty plea stands. *See Spinelli v. Collins,* 992 F.2d 559, 561-62 (5th Cir. 1993) (defendant's mistaken belief that he would be placed on probation or into boot camp for a few months, did not render his guilty plea involuntary because his misunderstanding did not result from promise by court, prosecutor or defense counsel). During the plea colloquy, Salas said that he understood he was not guaranteed to receive any particular sentence, and that if the sentence turned out to be more than he expected, he still would not be able to withdraw his guilty plea. Tr. 19-20.

c.      As to Salas' claim that his attorney failed to file a notice of appeal, there are circumstances in which such a claim warrants relief. See *Roe v. Flores-Ortega,* 528 U.S. 470 (2000). For example, the failure of defense counsel to file a notice of appeal despite being instructed to do so by his client constitutes *per se* ineffective assistance of counsel. *Rodriguez v. United States,* 395 U.S. 437 (1969); *see also Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994). With the waiver provision of the *Plea Agreement* in place in Salas' case, however, the recent ruling in *United States v. Nunez,* 495 F.3d 544 (7th Cir. 2007), renders this last contention of ineffective assistance unavailable. "Because the plea was voluntary, the waiver must be enforced. And that waiver knocks out Nunez's argument that his lawyer failed to follow his direction to file an appeal." *Id.* at 546. The basis of this view is that "there is no longer a right to appeal following a waiver." *Id.* at 547.

9.      For these reasons, Salas is not entitled to relief pursuant to 28 U.S.C. § 2255. There is no need for an evidentiary hearing. Salas has not supported his petition with a detailed and specific affidavit showing that he petitioner has actual proof going beyond mere unsupported assertions, *see Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976), and the records and file in this action show conclusively that Salas is not entitled to the relief he seeks. Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:    11/6/07